Ocasio v. Barr

BIA
Hom, IJ
A076 574 740

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

LICETH MARTHA OCASIO,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

18-1613
NAC

_____

FOR PETITIONER: Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Andrew

Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liceth Martha Ocasio, a native and citizen of Honduras, seeks review of a May 2, 2018 decision of the BIA affirming an October 10, 2017 decision of an Immigration Judge ("IJ") denying Ocasio's motion to reopen and rescind her in absentia removal order. *In re Liceth Martha Ocasio,* No. A 076 574 740 (B.I.A. May 2, 2018), *aff'g* No. A 076 574 740 (Immig. Ct. N.Y.C. Oct. 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Motions to reopen in absentia removal orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence of eligibility for relief from removal.

2

*See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (BIA 1998). Accordingly, when, as here, an alien files a motion that seeks both rescission of an in absentia removal order, as well as reopening for consideration of an application for relief from removal, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard that applies to motions to reopen. *See Id.; Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

Motion to Rescind

There are two grounds to rescind an in absentia removal order: (1) lack of notice of the hearing, and (2) exceptional circumstances for failure to appear if rescission is requested within 180 days. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). The agency did not abuse its discretion when it denied Ocasio's motion to rescind.

First, the record supports the agency's conclusion that Ocasio had notice of her final hearing. The record shows a letter from Ocasio's attorney, Juan A. Torres, stating that

3

he was her attorney and asking to reschedule the hearing. And the IJ found based on his review of the tape of the hearing that both Ocasio and counsel were present at a May 2001 hearing at which notice was given of the August 2001 hearing at which the in absentia order was entered. A written notice in the record supports this finding as it was signed by the IJ following a statement that the IJ provided written notice to Ocasio in English and orally advised her of the notice's contents in a language she understands.

While Ocasio now argues that she was not present at the May 2001 hearing, she has not provided any evidence, including any affidavit, to support that argument, and her counsel's statements to this Court are not evidence. *See Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013). Moreover, she does not contest that Torres was present at the May 2011 hearing, and any notice to her counsel constitutes notice to her. *See* 8 U.S.C. § 1229a(b)(5)(A) ("Any alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia . . . ."). Although Ocasio also argues that Torres was not her

4

attorney of record because he did not file a notice of appearance form, she did not exhaust this argument before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that we are "usually unable to review" an issue not raised before the BIA).

Accordingly, because Ocasio had notice, her 2017 motion to rescind was untimely filed more than 180 days after the 2001 order. *See* 8 U.S.C. § 1229a(b)(5)(C). Her claim of ineffective assistance of counsel was insufficient to warrant a grant of equitable tolling because she did not comply with the procedural requirements for such a claim. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) "[A]n alien who has failed to comply substantially with the [procedural] requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court."). We find no merit in Ocasio's argument that the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), should be overturned. *See id.; see also Piranej v. Mukasey*, 516 F.3d 137, 142 (2d Cir. 2008) ("[T]his Court has firmly upheld the relevance of the *Lozada* requirements."). In addition to Ocasio's failure to satisfy

5

the procedural requirements, Ocasio failed to act with due diligence. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (alien who waited fourteen months did not demonstrate due diligence); *Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (petitioner who waited nearly two years after adverse BIA decision did not exercise due diligence).

Motion to Reopen

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). It is undisputed that Ocasio's motion to reopen, filed 16 years after her in absentia removal order, was untimely. While the time limitation may be tolled based on ineffective assistance of counsel, *see Iavorski*, 232 F.3d at 133–34, as discussed above, Ocasio did not satisfy the procedural requirements or exercise due diligence to toll the time limitation.

Moreover, Ocasio's purported eligibility to adjust status does not implicate any exception to the time limit for filing a motion to reopen. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions

6

to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the [BIA]").  And Ocasio's motion to reopen was not accompanied by the relevant application for relief as required by the regulations.  *See* 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen proceedings . . . for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents.").

Sua Sponte Reopening

Ocasio has not challenged the denial of sua sponte reopening in her brief.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").  Moreover, we lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen sua sponte.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Motion to Compel

We deny Ocasio's counsel's motion to compel the IJ to

grant him access to the hearing tapes.  First, apart from counsel's representations, there is no evidence or statement directly from Ocasio to contradict the IJ's finding that she and her counsel attended the May 2001 hearing where they received notice of the next hearing date.  Second, Ocasio's attorney should have filed a request directly with the IJ assigned to the case along with a Form EOIR-28.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:  
Catherine O'Hagan Wolfe,  
Clerk of Court

8